UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LANG GAY, et al.,
                               Plaintiff,
                - against -
TRI-WIRE ENGINEERING SOLUTIONS, INC., et al.,
                               Defendant.
------------------------------------------------------------------------X

ORDER

12-CV-2231 (KAM) (JO)

James Orenstein, Magistrate Judge:

       The plaintiffs have made the modest factual showing required to permit the court-ordered dissemination of a notice to potential plaintiffs of the pendency of this action and of their opportunity to opt in as represented plaintiffs. *See*, *e.g.*, *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010). I therefore grant their request, over the defendant's objection, to order such notification. I deny as moot the request for conditional certification of this action as a representative collective action: granting that portion of the request would accomplish nothing that is not already accomplished by the dissemination of the notice. *See id.* at 555 n.10 ("'certification' is neither necessary nor sufficient for the existence of a representative action under FLSA") (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989)).

       To the extent the defendant opposes sending the notice to persons employed by the defendant prior to April 29, 2011, I conclude that the argument should be considered at the merits stage of the litigation, and should not preclude the notification of potential plaintiffs of their right to litigate their potential claims.

       The defendant has offered no reason to deny the plaintiffs' remaining requests for relief (approval of the proposed notice and reminder notice forms; ordering the defendant to disclose the identities of and contact information for potential opt-in plaintiffs, as well as the dates of their employment; and an order requiring the notice form to be posted at the defendant's work places).

However, the parties have agreed that the notice should be disseminated only to employees who worked at the defendant's Brooklyn location, and have further agreed to include language relating to the prior investigation by the Department of Labor. I respectfully direct the plaintiffs' counsel to promptly submit for my approval a revised proposed notice that reflects those consensual changes and also reflect that I am the judicial officer approving the notice rather than Judge Matsumoto.

SO ORDERED.

Dated: Brooklyn, New York
February 7, 2013

/s/
JAMES ORENSTEIN
U.S. Magistrate Judge